IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ROBERT WESTCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1250 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| ALLEGHENY COUNTY, | ) | Cynthia Reed Eddy |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

## I. INTRODUCTION

Presently before the Court is Defendant Allegheny County's (the "County") Partial Motion to Dismiss. [ECF No. 19]. The motion is fully briefed and ripe for disposition. *See* [ECF Nos. 20, 22, 25]. For the reasons that follow, the County's motion is denied.

## II. BACKGROUND

This action generally arises under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Law ("PMWL") and 42 U.S.C. § 1981 ("Section 1981") as enforced through 42 U.S.C. § 1983 ("Section 1983"). Because the present motion only seeks dismissal of the Section 1981 claims, this decision will be limited to the discussion of Plaintiff's Section 1981 claim.

The factual allegations are summarized from Plaintiff's complaint and taken as true for

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

the purposes of this motion. Plaintiff is a Caucasian who works as a seasonal aide for the County's Parks Department for various periods from summer 2010 through July 29, 2015. In 2013, Plaintiff applied for a full-time laborer position with the County Parks Department, which would have paid approximately $10 more per hour than his job as a seasonal aide. From 2013 through 2015, the County, through its Deputy Director Clarence Hopson, informed Plaintiff that it could not afford to fill the full-time laborer position, but his application would be kept on file until the County could afford to fill the position. Plaintiff claims that Clarence Hopson has final hiring and firing authority over part-time employees in the County's Parks Department. In July 2015, the County Parks Department hired an African American to fill the full-time laborer position for which Plaintiff applied.

Plaintiff brought the instant action on September 24, 2015 alleging, among other underpaid wage claims, a Section 1981 reverse race discrimination claim against the County for failing to hire him for the full-time laborer position. The County now seeks to have this claim dismissed and argues that Plaintiff failed to adequately allege that a County policy or custom violated his constitutional rights as required under *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### III.  STANDARD OF REVIEW

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is

proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

**IV.    DISCUSSION**

42 U.S.C. § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 296, 96 S. Ct. 2574, 2586, 49 L. Ed. 2d 493 (1976) (applying Section 1981 to discrimination against white citizens). Section 1981, enforced by 42 U.S.C. § 1983, proscribes racial discrimination by state actors when making and enforcing public contracts. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989); *St. Francis College v. Al–Khazraji*, 481 U.S. 604, 609, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 796 (3d Cir.2001). Section 1983 creates a private cause of action for unconstitutional

3

conduct by state actors. 42 U.S.C. § 1983. Therefore, to prevail on a claim for damages against the County, Plaintiff "must show that the violation of his 'right to make contracts' protected by [Section] 1981 was caused by a custom or policy within the meaning of *Monell[.]*" *Jett*, 491 U.S. at 736.

A municipality is considered a "person" under Section 1983 and an action may be brought directly against it for monetary, declaratory or injunctive relief. *Monell*, 436 U.S. at 694. To establish municipal liability, the Plaintiff must: "1) demonstrate the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of the injury." *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 480 (M.D. Pa. 2012) (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.1990)). The plaintiff must identify a municipal policy or custom that caused his injury and the theory of liability may not be based solely upon a theory of respondeat superior. *Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000). Under *Monell*, a municipal policy exists where a "decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." *Bielevicz*, 915 F.2d at 850 (citation and quotation marks omitted). A plaintiff can also establish a custom under *Monell* "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*. (citations omitted). "In other words, custom may be established by proving knowledge of, and acquiescence to, a practice." *Watson v. Abington Twp.*, 478 F.3d 144, 155–56 (3d Cir.2007).

Here, the County does not argue that the Plaintiff has not met his *prima facie* burden of race discrimination under Section 1981, but rather, that he has failed to allege a municipal policy or custom that violated his constitutional rights. Taking all of Plaintiff's allegations as true and

drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has stated a claim under Section 1981. Plaintiff alleges that Clarence Hopson, the County's Deputy Director of Parks and Recreation has the final employment decision authority over the part-time employees in the County's Parks and Recreational Department and hired an African American to fill the full-time laborer position for which Plaintiff, a Caucasian, had previously applied. While the County argues that Plaintiff has failed to allege a specific actor who has the ultimate authority to make employment decisions and argues that Mr. Hopson has no such authority, it is inappropriate for the Court to make such a finding at this stage. While discovery may reveal that the County's conduct does not rise to a Section 1981 violation, at this stage of the litigation, the Court finds that the complaint sufficiently alleges that Plaintiff has pointed to a policy or custom that unconstitutionally discriminated against Plaintiff based upon his race and Plaintiff should be entitled to conduct discovery to bolster his claim.

V.  CONCLUSION

Based upon the foregoing, Defendant Allegheny County's Partial Motion to Dismiss [ECF No. 19] is denied. An appropriate Order follows.


Dated: April 18, 2016


By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF